UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TARRENCE VICKERS,

    Petitioner,

    v.

RICK HILL,

    Respondent.

No. 2:14-cv-01425 JAM DAD P

<u>FINDINGS & RECOMMENDATIONS</u>

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his prison disciplinary conviction for possession of contraband on due process grounds, contending that he was wrongly punished for another inmate's conduct.

Respondent has moved to dismiss the pending petition, arguing that the court lacks federal habeas jurisdiction over petitioner's claims.

After carefully reviewing the record, the undersigned recommends that respondent's motion be granted, and that the petition be dismissed without prejudice.

I. <u>Background</u>

    A. <u>Procedural Background</u>

On June 13, 2014, petitioner filed a petition for writ of habeas corpus with this court. On August 20, 2014, respondent filed the pending motion to dismiss. (ECF No. 10.) On September

1

2, 2014, petitioner filed an opposition to that motion. (ECF No. 11.) On September 11, 2014, respondent filed a reply. (ECF No. 12.) On September 23, 2014, petitioner filed a sur-reply, and on October 1, 2014, a document styled as a request for judicial notice. (ECF Nos. 13, 14.) Local Rule 230 does not permit the filing of a sur-reply without leave of the court. Nevertheless, out of an abundance of caution and due to petitioner's status as a pro se litigant, the court has considered the content of petitioner's sur-reply and his purported request for judicial notice in coming to the recommendation set forth herein.

  B. Factual Allegations

Petitioner alleges as follows in his petition for writ of habeas corpus. (ECF No. 1.) On November 26, 2012, while petitioner was incarcerated at Folsom State Prison, prison officials determined that he had violated prison regulations by possessing contraband pornographic material. (Id. at 20.) The material in question was apparently discovered on September 5, 2012. (Id. at 57, 64.)

According to petitioner, the contraband actually belonged to another inmate, and therefore, he was wrongly punished for the actions of another. (Id. at 20, 22.) After being found guilty of the prison rules violation, petitioner lost his prison job assignment and was denied access to prison computers. (Id. at 24, 30, 81.) The prison rules violation is also now part of petitioner's prison record.

Petitioner alleges numerous due process violations in connection with the prison disciplinary proceedings which resulted in his conviction as the basis for federal habeas relief.

II. Standard

A federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). However, the writ is also available to attack future confinement and obtain future releases. See id. at 487-88 ("So, even if restoration of . . . [the prisoners'] good-time

credits had merely shortened the length of their confinement, rather than required immediate discharge from that confinement, their suits would still have been within the core of habeas corpus in attacking the duration of their physical confinement itself.").

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has characterized a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

In deciding a motion to dismiss, the court "must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). In general, exhibits attached to a pleading are "part of the pleading for all purposes . . . ." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

III. Analysis

Respondent moves to dismiss the instant habeas petition on the grounds that this court lacks jurisdiction over the petition because petitioner has failed to allege any cognizable claims for federal habeas relief.

The establishment of jurisdiction is a necessary prerequisite to proceeding with this action. See Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir. 2009). Petitioner does not challenge the validity of his underlying conviction or sentence, the length of his confinement, or the denial of parole. Rather, petitioner challenges the guilty finding that occurred at his 2012 prison disciplinary proceeding.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . 42 U.S.C. § 1983. While the two remedies are not necessarily mutually exclusive . . . challenges to

3

the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).

As framed, the petition pending before this court does not appear to state any grounds for an exercise of federal jurisdiction over petitioner's claims. While petitioner seeks to have the rules violation stricken from his record "as if nothing has occurred, back pay, afforded custody credits, and return [of his prior] custody status" (Petition (ECF No. 1) at 15), the petition does not justify the relief sought. An inmate who seeks habeas relief from prison disciplinary proceedings must demonstrate that any constitutional error in those proceedings affected the length of the inmate's confinement or the level of custody at which he was held. See, generally, Preiser, 411 U.S. at 475; see also Skinner v. Switzer, 562 U.S. __, 131 S. Ct. 1289, 1298 (2011) (recognizing the absence of cases "in which the [U.S. Supreme] Court has recognized habeas as the sole remedy, or even an available one, where the relief sought would neither terminate custody, accelerate the future date of release from custody, nor reduce the level of custody.") (internal citation and quotation omitted). For example, it is well-settled that inmates may seek habeas relief for an unconstitutional deprivation of good time credits. Preiser, 411 U.S. at 487 ("Even if the restoration of the respondents' credits would not have resulted in their immediate release, but only in shortening the length of their actual confinement in prison, habeas corpus would have been their appropriate remedy."). However, the petition herein and its exhibits[1] indicate that petitioner did not lose any good time credits as a result of the prison disciplinary conviction which he seeks to challenge. The report on the hearing regarding the incident, dated November 26, 2012, provides:

> Inmate VICKERS acknowledged receipt of all written reports considered as evidence 24 hours prior to this hearing. This hearing

---

[1] Exhibits attached to a petition for a writ of habeas corpus are properly considered by the court in ruling on a motion to dismiss. See Federal Rule of Civil Procedure 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"); Rule 4 of the Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition").

> was within 30 days of service of the disciplinary reports.  **All time constraints have not been met.  The disciplinary reports were not served to inmate VICKERS within 15 days of discovery of the misconduct.  Therefore, the Senior Hearing Officer is precluded from assessing any forfeiture of time credit for this violation.**

(ECF No. 1 at 72) (emphasis in original).  The Disposition section of the report further provides: "No credit forfeiture due to failure to meet time constraints."  Finally, the Second Level Appeal Response issued in response to petitioner's appeal, dated February 28, 2013, provides:

> The appeal is denied.  The Senior Hearing Officer . . . made a correct decision in finding the appellant guilty.  Due to time constraints not met during the disciplinary process, **there were no time credits taken from the appellant**.  Therefore no due process violations were found during the investigation into this appeal.

(ECF No. 1 at 69) (emphasis added).  As it appears that petitioner was not deprived of good time credits as a result of the challenged rules violation, petitioner cannot seek habeas relief on this basis.

Petitioner also cannot seek federal habeas relief on the grounds that the challenged rules violation caused him to lose his prison job assignment, and consequently, opportunities to earn good time credits.  Such a deprivation does not rise to the level of a constitutional violation because California prison inmates have no constitutionally-protected liberty interest in earning credits for work.  See Cal. Penal Code § 2933(c) ("Credit is a privilege, not a right."); Toussaint v. McCarthy, 801 F.2d 1080, 1094–95 (9th Cir. 1986) (concluding that "[S]ection 2933 merely creates a possibility of early release; it does not create a constitutionally protected liberty interest."); Kalka v. Vasquez, 867 F.2d 546, 547 (9th Cir. 1989) (finding that appellant's due process challenge concerning his accrual of work time credits was foreclosed by Toussaint). Courts have concluded that "the act of revoking time credits must be distinguished from the act of limiting a prisoner's ability to prospectively *earn* time credits.  Prisoners have no liberty interest in earning work time credits or participating in work programs." Ellington v. Clark, No. 1:09–cv–0054–DLB, 2009 WL 1295781 at *6 (E.D. Cal. May 8, 2009) (emphasis in original).

Petitioner also cannot avoid dismissal by arguing that the wrongful disciplinary violation will affect his parole eligibility.  The Ninth Circuit has held that federal habeas jurisdiction exists

5

where the expungement of a challenged prison disciplinary record is "'likely to accelerate the prisoner's eligibility for parole.'" Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (quoting Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)). However, here the petition omits any information regarding petitioner's commitment crime, sentence being served, his eligibility for parole, or any allegation of the effect of the challenged prison disciplinary violation on his eligibility for parole. See Carter v. Sherman, No. 1:14-cv-0352-AWI-SAB-HC, 2014 WL 6894071, at *5 (E.D. Cal. 2014) (where the record established that at three prior parole hearings the Board had stressed the importance of petitioner remaining disciplinary-free and having a disciplinary conviction removed in order to be favorably considered for parole in the future, the nexus between the challenged disciplinary conviction and suitability for parole was not speculative). Accordingly, the court cannot take into account any potential effect on petitioner's parole eligibility in assessing whether it has jurisdiction over petitioner's habeas claim.

In a document improperly-framed as a request for judicial notice (ECF No. 14), petitioner presents another argument for the court to exercise habeas jurisdiction. There, petitioner alleges that, on July 31, 2012, some four months before the prison disciplinary violation he challenges in this habeas proceeding, he forfeited 61 days of good time credits due to prior "participation in a mutual combat on [June 5, 2012]." (Id. at 2.) According to petitioner, on September 26, 2014, he applied for restoration of the 61 days of forfeited good time credits pursuant to California Code of Regulations, title 15, § 3327(b), which provides procedures for credit restoration following completion of a prescribed "disciplinary-free period." An exhibit entitled "Application for Restoration of Credits," on Form CDC 958, dated September 26, 2014, shows that petitioner's application was denied as follows:

> You did not meet the criter[ia] for restoration of credits based on Title 15, [§] 3328. Following this rule violation[,] you received another serious rule violation on September 15, 2012, a division F offense.

(Id. at 8.) In other words, petitioner now contends that he was deprived restoration of other good time credits as a result of the rules violation conviction he is challenging here.

/////

6

It may be that petitioner can seek habeas relief based on this indirect deprivation of good time credits theory. However, his belated suggestion of such a claim cannot stave off dismissal of this petition. Rule 2(c) of the Rules Governing Section 2254 Cases requires that a federal habeas petition "(1) specify all the grounds for relief available to the petitioner and (2) state the facts supporting each ground . . . ." Claims and arguments improperly raised for the first time in a reply or a traverse need not be addressed. See Delgadillo v. Woodford, 527 F.3d 919, 930 n. 4 (9th Cir. 2008) (holding that reply is not the proper pleading to raise new arguments); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."). If petitioner believes he is entitled to habeas relief because, as a result of the challenged rules violation, he was unable to obtain restoration of good time credits, then he was obligated to raise this claim in his petition. Bolstering this conclusion is the fact that the dates on the exhibits attached to his "request for judicial notice" demonstrate that petitioner applied for restoration of his forfeited good time credits *after* the filing of respondent's reply, apparently in an attempt to prevent dismissal. Again, the basis for petitioner's claim must be apparent on the face of the pleading, an impossibility in this instance.

Accordingly, respondent's motion to dismiss the pending petition should be granted. However, it may be that petitioner can state a claim for relief under 28 U.S.C. § 2244 if he sets forth all of the pertinent facts regarding loss of good time credits, as well as the term of his underlying sentence and the circumstances of his parole eligibility, in a single petition for writ of habeas corpus. Therefore, it is recommended that the dismissal be without prejudice.

IV. Conclusion

In light of the foregoing, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted; and
2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2 objections shall be filed and served within fourteen days after service of the objections.  The
3 parties are advised that failure to file objections within the specified time may waive the right to
4 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5       Should petitioner file objections, he may address whether a certificate of appealability
6 should issue in the event petitioner files an appeal of the judgment in this case.  See Rule 11,
7 Federal Rules Governing § 2254 Cases ("The district court must issue or deny a certificate of
8 appealability when it enters a final order adverse to the applicant").  A certificate of appealability
9 may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the
10 denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

11 Dated:  January 29, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
vick1425.mtd