UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TARRANCE VICKERS,

             Petitioner,

    v.

RICK HILL,

             Respondent.

No.  2:14-cv-01425 JAM DB

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  This action proceeds on petitioner's first amended petition.  (ECF No. 18.)  Respondent moved to dismiss this action.  (ECF No. 20.)  Petitioner opposes the motion to dismiss.  (ECF No. 21.)  Respondent filed a reply memorandum in support of the dismissal motion.  (ECF No. 22.)

For the reasons stated below, the court denies respondent's motion to dismiss.

I.    Factual and Procedural Background

On November 26, 2012, while petitioner was incarcerated at Folsom State Prison, prison officials determined that he had violated prison regulations by possessing contraband pornographic material.  (ECF No. 18 at 30-31.)  The material in question was apparently discovered on September 5, 2012.  (Id. at 59, 70.)

////

1

1    According to petitioner, the contraband actually belonged to another inmate, and

2    therefore, he was wrongly punished for the actions of another.  (Id. at 27.)  After being found

3    guilty of the prison rules violation, petitioner lost his prison job assignment and was denied

4    access to prison computers.  (Id. at 29-30, 66.)

5    On July 31, 2012, some four months before the prison disciplinary violation petitioner

6    challenges in this habeas proceeding, he forfeited 61 days of good time credits due to prior

7    "participation in a mutual combat on [June 5, 2012]."  (ECF No. 14 at 2.)  On September 26,

8    2014, he applied for restoration of the 61 days of forfeited good time credits pursuant to

9    California Code of Regulations, title 15, § 3327(b), which provides procedures for credit

10   restoration following completion of a prescribed "disciplinary-free period."  An exhibit attached

11   to the petition entitled "Application for Restoration of Credits," on Form CDC 958, dated

12   September 26, 2014, shows that petitioner's application was denied as follows:

13
14   > You did not meet the criter[ia] for restoration of credits based on
     > Title 15, [§] 3328. Following this rule violation[,] you received
     > another serious rule violation on September 15, 2012, a division F
15   > offense.

16   (ECF No. 18 at 84).  Petitioner contends that he was deprived restoration of good time credits as a

17   result of the rules violation conviction he is challenging here.

18   Petitioner alleges numerous due process violations in connection with the prison

19   disciplinary proceedings -- stemming from the September 5, 2012 violation -- as the basis for

20   federal habeas relief.

21   Petitioner filed his petition for habeas relief on June 13, 2014.  (ECF No. 1.)  Respondent

22   moved to dismiss this original petition.  (ECF No. 10.)  The district court -- based upon the

23   findings and recommendations (ECF No. 15) of then-Magistrate Judge Dale Drozd -- dismissed

24   the petition without prejudice because the court lacked federal habeas jurisdiction over the claims.

25   (ECF No. 17.)  Petitioner then filed his first amended petition on July 2, 2015.  (ECF No. 18.)

26   Respondent now moves to dismiss the petition for lack of federal habeas jurisdiction.

27   ////

28   ////

2

1    II.     Legal Standard

2             To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

3    complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

4    is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic

5    Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court must accept as true the allegations of

6    the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and

7    construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411,

8    421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

9    Haines v. Kerner, 404 U.S. 519, 520 (1972).

10           The court may consider facts established by exhibits attached to the complaint.  Durning

11   v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

12   that may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th

13   Cir. 1987); and matters of public record, including pleadings, orders, and similar papers filed with

14   the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).

15   III.    Legal Analysis

16           A.      Restoration of Lost Good Time Credits

17           To establish federal habeas jurisdiction, petitioner alleges that the September 5, 2012 rules

18   violation that he is challenging caused the denial of his application to restore lost good time

19   credits.  Respondent argues that a prisoner does not have a liberty interest in the *restoration* of

20   good time credits already lost and therefore cannot establish federal habeas jurisdiction.

21           An inmate who seeks habeas relief from prison disciplinary proceedings must demonstrate

22   that any constitutional error in those proceedings affected the length of the inmate's confinement

23   or the level of custody at which he was held.  See Preiser v. Rodriguez, 411 U.S. 475 (1973);

24   Skinner v. Switzer, 562 U.S. 521, 534 (2011) (recognizing the absence of cases "in which the

25   [U.S. Supreme] Court has recognized habeas as the sole remedy, or even an available one, where

26   the relief sought would neither terminate custody, accelerate the future date of release from

27   custody, nor reduce the level of custody") (internal citation and quotation omitted).  For example,

28   it is well-settled that inmates may seek habeas relief for an unconstitutional deprivation of good

3

1  time credits.  Preiser, 411 U.S. at 487 ("Even if the . . . credits would not have resulted in their

2  immediate release, but only in shortening the length of their actual confinement in prison, habeas

3  corpus would have been their appropriate remedy").

4          Respondent's motion primarily presents a single legal question: whether a prisoner may

5  pursue habeas relief where he did not lose credits, but, rather, lost the opportunity to restore

6  credits previously forfeited.

7          The Due Process Clause protects prisoners from the deprivation of liberty without due

8  process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  To state a due process claim, a

9  prisoner must first establish the existence of a liberty interest.  Liberty interests may arise from

10  the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

11  A state-created liberty interest exists where the restraint "inevitably affect[s] the duration" of a

12  prisoner's sentence or imposes an "atypical and significant hardship on the inmate in relation to

13  the ordinary incidents of prison life."  Sandin v. Connor, 515 U.S. 472, 484, 487 (1995).

14          Here, no liberty interest in restoration of lost time credits arises from the Due Process

15  Clause itself.  However, petitioner argues that because restoration of the lost time credits affects

16  the duration of his confinement, a liberty interest in restoration of the credits arises from

17  California law, i.e., California Penal Code § 2933(d), California Code of Regulations, Title 15, §

18  3328.

19          In the Ninth Circuit, however, when an inmate alleges that his liberty interest arises from

20  statute rather than from an internal prison disciplinary regulation related to conditions of

21  confinement, the court applies "the well-established mandatory language rule" of Greenholtz v.

22  Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1 (1979).  Carver v. Lehman, 558 F.3d

23  869, 872-73 & n. 5 (9th Cir. 2008); McQuillion v. Duncan, 306 F.3d 895, 902-03 (9th Cir. 2002).

24  Under that rule, a statute does not give rise to a liberty interest unless it contains "explicitly

25  mandatory language, i.e., specific directives to the decisionmaker that if the regulations'

26  substantive predicates are present, a particular outcome must follow."  Id. at 875 (internal

27  quotation marks and citations omitted).  Applying this test, the Ninth Circuit has found that

28  California Penal Code section 2933 does not create a liberty interest in earning conduct credits,

1    because the statute provides that "credit is a privilege, not a right. Credit must be earned and may

2    be forfeited[.]" <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1094 (9th Cir. 1986), overruled in part on

3    other grounds in <u>Sandin</u>, 515 U.S. at 472.

4            Neither the statute nor the regulation at issue here contain the mandatory language

5    concerning the restoration of credits either.  Penal Code section 2933(d) provides that "credit

6    which has previously been forfeited may be restored by the secretary," while Title 15 California

7    Code of Regulations §§ 3328(b) & (c) say only that "[a]n inmate may apply for restoration" of

8    credits. Under Title 15 California Code of Regulations § 3327(c), "credit shall be restored at the

9    consideration hearing unless it is determined that the inmate has, since the disciplinary infraction

10   leading to the credit forfeiture, refused or failed to perform in a work, training, or educational

11   assignment during the required disciplinary-free period, or under extraordinary circumstances, as

12   described in section 3329."  Title 15 California Code of Regulations § 3329(a) defines

13   extraordinary circumstances as "significant factors which aggravate the seriousness of a rule

14   violation," and provides a nonexclusive list of factors.  A finding of such factors "shall be cause

15   to postpone restoration for one additional disciplinary-free period."  <u>Id.</u>  Because this language

16   gives the decisionmaker a certain amount of discretion to deny credit restoration, the statutes and

17   regulations do not create a liberty interest in the restoration of forfeited credits.  <u>See</u> <u>Reed v.</u>

18   <u>Knipp</u>, No. CIV–S–11–2753 KJN KJN P, 2012 WL 6570906 (E.D. Cal. Dec. 17, 2012)

19   (addressing this same question, the district court found no liberty interest in the restoration of

20   credits).  <u>See also</u> <u>Foster v. Lynn</u>, No. CIV S–10–0726 LKK CMK P, 2012 WL 591994 (E.D.

21   Cal. Feb. 22, 2012) (in context of § 1983 action, finding no liberty interest in the restoration of

22   credits).[1]

23   ————————————————

24   [1]  The undersigned's research of this issue found very few cases where this question has been
     previously addressed.  As noted above, the district court in <u>Reed</u> addressed this precise question.

25   No court with binding authority on this court (i.e. the Ninth Circuit and the Supreme Court) has
     dealt with this issue though.  While the undersigned agrees with the district court in <u>Reed</u> and is

26   recommending dismissal, it is worth noting that the respondent's representative (the California
     Attorney General) has taken an inconsistent position in at least one past case concerning whether

27   a prisoner retains a liberty interest in good time credits that have been lost but are still capable of
     restoration.  The respondent (California Attorney General) in <u>In re Gomez</u>, 246 Cal. App. 4th

28   1082, 1093 (2016), a state court habeas matter, argued that a prisoner could not challenge the loss

1    Without a clearly established federally protected liberty interest, petitioner cannot assert a

2    due process claim.  Carey v. Musladin, 549 U.S. 70, 74, 77 (2006) (the Antiterrorism and

3    Effective Death Penalty Act of 1996 bars relief when there is no clearly established federal law);

4    Wolff, 418 U.S. at 558-58 (due process attaches only when a person is deprived of a liberty

5    interest).  Accordingly, the court recommends granting respondent's motion to dismiss because

6    this court lacks federal habeas jurisdiction where petitioner cannot establish a liberty interest in

7    the restoration of forfeited credits.

8         B.    Additional Requests for Relief

9    In addition to seeking restoration of his lost good time credits, petitioner requests relief

10   concerning his prison job assignment.  Judge Drozd addressed this sought-after relief in his

11   findings and recommendations concerning respondent's motion to dismiss the original petition.

12   (ECF No. 15 at 5-6.)  The court hereby adopts Judge Drozd's analysis of that relief:

13               Petitioner also cannot seek federal habeas relief on the
               grounds that the challenged rules violation caused him to lose his
14             prison job assignment, and consequently, opportunities to earn good
               time credits. Such a deprivation does not rise to the level of a
15             constitutional violation because California prison inmates have no
               constitutionally-protected liberty interest in earning credits for
16             work.  See Cal. Penal Code § 2933(c) ("Credit is a privilege, not a
               right."); Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir.
17             1986) (concluding that "[S]ection 2933 merely creates a possibility
               of early release; it does not create a constitutionally protected
18             liberty interest."); Kalka v. Vasquez, 867 F.2d 546, 547 (9th Cir.
               1989) (finding that appellant's due process challenge concerning
19             his accrual of work time credits was foreclosed by Toussaint).
               Courts have concluded that "the act of revoking time credits must
20             be distinguished from the act of limiting a prisoner's ability to
               prospectively earn time credits.  Prisoners have no liberty interest in
21             earning work time credits or participating in work programs."
               Ellington v. Clark, No. 1:09–cv–0054–DLB, 2009 WL 1295781, *6
22             (E.D. Cal. May 8, 2009).

23               Petitioner also cannot avoid dismissal by arguing that the
               wrongful disciplinary violation will affect his parole eligibility.
24             The Ninth Circuit has held that federal habeas jurisdiction exists
               where the expungement of a challenged prison disciplinary record
25             is "'likely to accelerate the Prisoner's eligibility for parole.'"

26   ──────────────────────────────────────────────────────

27   of good time credits still capable of restoration, because (as paraphrased by the court) the prisoner
     "has not really lost any credits, and cannot allege that he has suffered any deprivation of liberty
     that warrants due process scrutiny."  This is contrary to the argument respondent makes in this
28   case, as well as contrary to the conclusion the undersigned reached above.

Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (quoting Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)). However, here the petition omits any information regarding petitioner's commitment crime, sentence being served, his eligibility for parole, or any allegation of the effect of the challenged prison disciplinary violation on his eligibility for parole. See Carter v. Sherman, No. 1:14-cv-0352-AWI-SAB-HC, 2014 WL 6894071, *5 (E.D. Cal. Dec. 5, 2014) (where the record established that at three prior parole hearings the Board had stressed the importance of petitioner remaining disciplinary-free and having a disciplinary conviction removed in order to be favorably considered for parole in the future, the nexus between the challenged disciplinary conviction and suitability for parole was not speculative). Accordingly, the court cannot take into account any potential effect on petitioner's parole eligibility in assessing whether it has jurisdiction over petitioner's habeas claim.

(Id. at 5-6.)

Thus, as the court found with the original petition, petitioner cannot base habeas jurisdiction on these other forms of relief.

IV.     Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted and that this action be dismissed *with prejudice* because the court lacks federal habeas jurisdiction over petitioner's claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 29, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE