UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARRANCE VICKERS, | No. 2:14-cv-01425 JAM DB |
| Petitioner, | |
| v. | |
| RICK HILL, | ORDER |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has timely filed a notice of appeal of this court's March 27, 2017 dismissal of his application for a writ of habeas corpus. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

1

Petitioner has made a substantial showing of the denial of a constitutional right in the following issue(s) presented in the instant petition:

Whether a prisoner retains a liberty interest in good time credits that have been lost but are still capable of restoration.

As the court noted in the adopted findings and recommendations, this question has not been addressed by the Ninth Circuit or the Supreme Court. (ECF No. 25 at 5 n. 1). A district judge in the Eastern District of California addressed this question in Reed v. Knipp, No. CIV-S-11-2753 KJM KJN, 2012 WL 6570906 (E.D. Cal. Dec. 17, 2012), reaching the same conclusion as this court; however, the Reed opinion was not appealed. Furthermore, as also noted in the findings and recommendations, the California Attorney General has taken diametrically opposing positions on this question in different cases.

Specifically, in In re Gomez, 246 Cal. App. 4th 1082, 1093 (2016), a state court habeas matter, the state argued that a prisoner could not challenge the loss of good time credits still capable of restoration, because (as paraphrased by the court) the prisoner "has not really lost any credits, and cannot allege that he has suffered any deprivation of liberty that warrants due process scrutiny." Under this interpretation, a prisoner cannot challenge the loss of good time credits until the possibility of restoration is extinguished -- thus, according to the logic of the state's argument in Gomez, the action that terminated the possibility of restoration would be the event that triggers a loss of a liberty interest. This is contrary to the argument respondent made in this case, as well as contrary to the conclusion the court reached. In light of this, the undersigned finds that petitioner has made a substantial showing of the denial of a constitutional right concerning this issue.

Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is issued in the present action.

DATED: May 26, 2017 /s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE